IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVAN J. BARNHART, | ) | CASE NO. 5:14-cv-01533 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CARROLL COUNTY, OHIO, et al., | ) | |
| | ) | |
| Defendants | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| | ) | |

## I.     Introduction

Plaintiff Devan J. Barnhart ("Barnhart" or "Plaintiff") brings this action under 42 U.S.C. § 1983,[1] alleging that he was he "was falsely arrested, detained, and prosecuted" by Defendants and that Defendants "failed in their duty to follow an established protocol while conducting undercover drug transactions utilizing a CI [Confidential Informant]." Doc. 3, pp. 3, 6, ¶¶ 3, 18. The CI allegedly bought drugs from Barnhart on April 29, 2012. Doc. 3, p. 3, ¶¶ 14, 16. The Carroll County Grand Jury indicted Barnhart for Trafficking in Drugs, a fifth degree felony, and Sale of Dangerous Drugs, a fourth degree felony. Doc. 3, pp. 7-8, ¶31. On July 11, 2012, Barnhart was arrested. Doc. 3, p. 8, ¶32. However, the felony charge of Aggravated[2]

---

[1] As stipulated to by the parties, Barnhart's § 1983 claims are predicated upon alleged violations of his Fourth Amendment rights. Doc. 47. Barnhart does not assert a separate constitutional claim under § 1983 for alleged violations of his due process rights under the Fourteenth Amendment. Doc. 47.

[2] At ¶ 31, Plaintiff indicates he was indicted for "Trafficking in Drugs" and at ¶38, Plaintiff states the charge of "Aggravated Trafficking in Drugs" was dismissed.

Trafficking in Drugs was dismissed on September 28, 2012, at the request of the Carroll County Prosecutor's Office.[3] Doc. 3, p. 8, ¶ 38.

Defendants are Carroll County, Ohio ("Carroll County), Carroll County Sheriff David Williams ("Williams"), Lt. Robert T. Watson ("Watson"), Deputy Ron Roe ("Roe"), and Deputy Scott Soe ("Soe") (referred to collectively as "Defendants").[4] Defendants have filed a Motion for Partial Summary Judgment seeking dismissal with prejudice of all of Barnhart's claims against Williams, Roe and Soe on the ground that there is no evidence that those Defendants participated in the April 29, 2012, controlled drug buy or participated in or facilitated the submission of information regarding the drug buy to the Carroll County Prosecutor. Doc. 29.

Defendants' Motion for Partial Summary Judgment is unopposed. Barnhart has not filed a response to the Motion although the Court granted him an extension of time until July 15, 2015, in order to allow him an opportunity to conduct discovery prior to responding. Doc. 44.

For the reasons explained below, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment (Doc. 29) and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants Williams, Roe and Soe.

## II. Claims Alleged

In Count I – 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Individual Officers, Barnhart alleges that Defendants Watson, Roe and Soe "violated his rights to be free of unreasonable police seizures, warrantless seizures and/or seizures without probable cause which are guaranteed to him under the Fourth Amendment." Doc. 3, pp. 9-10.

---

[3] There is no allegation in Plaintiff's Amended Complaint regarding the outcome of the Sale of Dangerous Drugs charge.

[4] Defendants Village of Minerva, Ohio; Minerva, Ohio Officers John Doe, Ron Roe, and Scott Soe; and Multi-County Law Enforcement Against Drugs Task Force were named in the Amended Complaint and have been dismissed by Plaintiff.  *See* Doc. 32, Doc. 48.

In Count II – 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Governmental Entities, Barnhart alleges that Defendant Carroll County is liable and responsible for the acts of Defendants Williams, Watson, Roe and Soe because it acted with deliberate indifference by failing to establish and/or follow established policies, procedures, and regulations relating to investigation, surveillance and use of confidential informants in undercover drug buys; by failing to adequately train and supervise Defendants Watson, Roe and Soe regarding the appropriate use of confidential informants; and the individual Defendants' actions were done pursuant to deficient custom, policies and practices of Defendant Carroll County.  Doc. 3, pp. 10-11, ¶¶ 46-51.

In Count III – Intentional Infliction of Emotional Distress, Barnhart alleges that Defendants' actions were extreme and outrageous and Defendants knew or should have known that their actions would cause Barnhart to suffer severe mental and emotional distress, pain and suffering.  Doc. 3, pp. 12-13, ¶¶ 57-61.

### III. Summary Judgment Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett¸* 477 U.S. 317, 323 (1986) (internal quotations omitted).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986). "Inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id.* at 587 (internal quotations and citations omitted). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party must present specific facts that demonstrate there is a genuine issue of material fact for trial. *Matsushita,* 475 U.S. at 587. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Even if unopposed, "a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). However, a district court is not obligated to "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 630, n. 11 (quoting *Guarino v. Brookfield Tp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)).

### IV. Analysis

A.    **Section 1983 Fourth Amendment Claim – Count I**

To prevail on a § 1983 claim, a plaintiff must show "(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Webb v. U.S.*, --- F.3d ---, 2015 WL 3756919, *8 (6th

4

Cir. 2015). Further, "[t]o establish a § 1983 . . . claim against a public official in his personal capacity, a plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or 'implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate.'" *Id.* (quoting *Scott v. City of Cleveland*, 555 F.Supp.2d 890, 896 (N.D. Ohio 2008)).

Barnhart alleges a deprivation of his Fourth Amendment rights, arguing that Defendants, while acting under of color of law, violated "his rights to be free of unreasonable police seizures, warrantless seizures and/or seizures without probable cause which are guaranteed to him under the Fourth Amendment." Doc. 3, pp. 9-10, ¶¶ 42-45. Defendants assert that Barnhart's claims against Defendants Williams, Roe and Soe fail because there is no evidence that Defendants Williams, Roe or Soe[5] participated in, facilitated or directed any activity regarding Barnhart and the April 29, 2012, controlled buy or the submission of evidence regarding that incident to the Carroll County Prosecutor and therefore no causal connection between Defendants Williams, Roe or Soe and his arrest or indictment. Doc. 29, pp. 2-6.

In support of their motion, Defendants attach an affidavit from Defendant Watson attesting that he, and he alone, worked with the confidential informant; oversaw the controlled drug buy and prepared the confidential informant for the April 29, 2012, controlled buy from the Plaintiff; completed the paperwork and report of the controlled buy from Plaintiff; made the decision to turn the evidence regarding the buy from Plaintiff over to the prosecutor; and testified before the Grand Jury regarding Plaintiff's conduct. Doc. 29, pp. 16-17, ¶¶ 8-12. In his sworn affidavit, Defendant Watson also states that, although Defendant Williams is his superior officer,

---

[5] Defendants assert that there are no Carroll County Sheriff Deputies named Ron Roe or Scott Soe now or at any times relevant to the allegations in Plaintiff's Complaint. Doc. 29, p. 2; Doc 29, p. 15, ¶ 5. Also, Plaintiff has not sought to add new, previously unknown Carroll County Sherriff Deputies, in place of previously unknown defendants.

5

"Sheriff Williams was not a part of or directly informed specifically about the April 29, 2012 controlled buy or Plaintiff Barnhart either before or after April 29, 2012 . . . At no point in the process of my actions as described in Plaintiff Barnhart's Complaint was I acting on or under Sheriff Williams' or any Sheriff Department employee's specific direction. Rather I was working in the course of my general charge . . . to investigate and make arrests related to trafficking in illegal drugs in the jurisdiction of the Sheriff's Department." Doc. 29, pp. 17-18, ¶¶ 14-15.

Defendant Watson's affidavit evidences no participation, active or implicit, on the part of the Defendants Williams, Roe or Soe with respect to Barnhart and the constitutional violations he alleges and Barnhart has presented no facts to dispute this. The Court therefore **GRANTS** Defendants' Motion for Partial Summary Judgment and dismisses with prejudice Count I as to Defendants Williams, Roe and Soe.

**B.**     **Intentional Infliction of Emotional Distress – Count III**

The tort of intentional infliction of emotional distress under Ohio law has been defined as:

> One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1139 (6th Cir. 1995)(quoting *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 47 (1991). "[L]iability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.; see also Riddle v. Egensperger*, 998 F.Supp. 812, 819 (N.D. Ohio 1998)(quoting *Wright*, 58 F.3d at 1139).

6

As discussed above, Barnhart has presented no evidence of participation, active or implicit, by Defendants Williams, Roe or Soe with respect to Barnhart and the alleged constitutional violations. Accordingly, there being no evidence of involvement or conduct on the part of Defendants Williams, Roe and Soe, "much less conduct which goes beyond the bounds of decency," Defendants Williams, Roe and Soe are entitled to summary judgment on Barnhart's intentional infliction of emotional distress claim. *Riddle*, 998 F.Supp at 819. The Court therefore **GRANTS** Defendants' Motion for Partial Summary Judgment and dismisses with prejudice Count III as to Defendants Williams, Roe and Soe.

## V. Conclusion

For the reasons set forth herein, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment (Doc. 29) and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants Dale Williams, Ron Roe and Scott Soe. Count I and Count III remain pending with respect to the claims asserted against Defendant Lt. Robert T. Watson   and Count II remains pending with respect to the claims asserted against Defendant Carroll County.

**IT IS SO ORDERED.**

Dated: July 28, 2015

KATHLEEN B. BURKE
United States Magistrate Judge