IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVAN J. BARNHART, | ) | CASE NO. 5:14-cv-01533 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CARROLL COUNTY, OHIO, et al., | ) | |
| | ) | |
| Defendants | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| | ) | |

## I. Introduction

Plaintiff Devan J. Barnhart ("Barnhart" or "Plaintiff") brings this action under 42 U.S.C. § 1983,[1] alleging that he was he "was falsely arrested, detained, and prosecuted" by Defendants and that Defendants "failed in their duty to follow an established protocol while conducting undercover drug transactions utilizing a CI [Confidential Informant]." Doc. 3, pp. 3, 6, ¶¶ 3, 18. The CI allegedly bought drugs from Barnhart on April 29, 2012. Doc. 3, p. 3, ¶¶ 14, 16. The Carroll County Grand Jury indicted Barnhart for Trafficking in Drugs, a fifth degree felony, and Sale of Dangerous Drugs, a fourth degree felony. Doc. 3, pp. 7-8, ¶31. On July 11, 2012, Barnhart was arrested. Doc. 3, p. 8, ¶32. However, the felony charge of Aggravated Trafficking

---

[1] As stipulated to by the parties, Barnhart's § 1983 claims are predicated upon alleged violations of his Fourth Amendment rights. Doc. 47. Barnhart does not assert a separate constitutional claim under § 1983 for alleged violations of his due process rights under the Fourteenth Amendment. Doc. 47.

in Drugs[2] was dismissed on September 28, 2012, at the request of the Carroll County Prosecutor's Office.[3] Doc. 3, p. 8, ¶ 38.

The only remaining Defendants are Carroll County, Ohio ("Carroll County) and Lt. Robert T. Watson ("Watson") (referred to collectively as "Defendants").[4] Defendants have filed a Motion for Summary Judgment on all remaining claims. Doc. 50 ("Defendants' Motion"). Although directed to file a response to Defendants' Motion on or before September 18, 2015 (Doc. 51), Barnhart has not filed a response to the Defendants' Motion.

For the reasons explained below, the Court **GRANTS** Defendants' Motion (Doc. 50) and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Carroll County and Defendant Watson.

## II.     Claims Alleged

### A.     Defendant Watson

Count I and Count III remain pending with respect to the claims asserted against Defendant Watson.

In Count I – 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Individual Officers, Barnhart alleges that Defendant Watson "violated his rights to be free of unreasonable police seizures, warrantless seizures and/or seizures without probable cause which are guaranteed to him under the Fourth Amendment." Doc. 3, pp. 9-10.

---

[2] At ¶ 31, Plaintiff indicates he was indicted for "Trafficking in Drugs" and, at ¶38, Plaintiff states the charge of "Aggravated Trafficking in Drugs" was dismissed.

[3] There is no allegation in Plaintiff's Amended Complaint regarding the outcome of the Sale of Dangerous Drugs charge.

[4] Defendants Village of Minerva, Ohio; Minerva, Ohio Officers John Doe, Ron Roe, and Scott Soe; and Multi-County Law Enforcement Against Drugs Task Force were named in the Amended Complaint and have been dismissed by Plaintiff. *See* Doc. 32, Doc. 48. On July 28, 2015, the Court granted partial summary judgment dismissing with prejudice Plaintiff's claims against Defendants Dale Williams, Ron Roe and Scott Soe. Doc. 49.

In Count III – Intentional Infliction of Emotional Distress, Barnhart alleges that Defendant Watson's actions were extreme and outrageous and Defendant knew or should have known that his actions would cause Barnhart to suffer severe mental and emotional distress, pain and suffering.  Doc. 3, pp. 12-13, ¶¶ 57-61.

**B.  Defendant Carroll County**

Count II remains pending with respect to the claims asserted against Defendant Carroll County.

In Count II – 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Governmental Entities, Barnhart alleges that Defendant Carroll County is liable and responsible for the acts of Defendant Watson because it acted with deliberate indifference by failing to establish and/or follow established policies, procedures, and regulations relating to investigation, surveillance and use of confidential informants in undercover drug buys; by failing to adequately train and supervise Defendant Watson regarding the appropriate use of confidential informants; and the individual Defendants' actions were done pursuant to deficient custom, policies and practices of Defendant Carroll County.  Doc. 3, pp. 10-11, ¶¶ 46-51.

### III. Summary Judgment Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes

demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (internal quotations omitted).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986). "Inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id.* at 587 (internal quotations and citations omitted). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party must present specific facts that demonstrate there is a genuine issue of material fact for trial. *Matsushita,* 475 U.S. at 587. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Even if unopposed, "a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). However, a district court is not obligated to "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 630, n. 11 (quoting *Guarino v. Brookfield Tp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)).

IV. Analysis

A.  Section 1983 Fourth Amendment Claim – Count I

To prevail on a § 1983 claim, a plaintiff must show "(1) that he was deprived a right secured by the Constitution or law of the United States; and (2) that the deprivation was caused by a person acting under color of law." Webb v. U.S., 789 F.3d 647, 659 (6th Cir. 2015). In asserting his § 1983 claim in Count I, Barnhart alleges a deprivation of his Fourth Amendment rights, arguing that Defendant Watson, while acting under of color of law, violated "his rights to be free of unreasonable police seizures, warrantless seizures and/or seizures without probable cause which are guaranteed to him under the Fourth Amendment." (Doc. 3, p. 9, ¶ 44). Doc. 3, pp. 7-8, ¶¶ 26-32; Doc. 3, pp. 9-10, ¶¶ 42-45.

"The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the *Fourth Amendment*, which encompasses wrongful investigation, prosecution, conviction, and incarceration." Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010) (emphasis in original)(internal citations and quotations omitted). To succeed on a malicious prosecution claim, a plaintiff must show (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute[;]" (2) "that there was a lack of probable cause for the criminal prosecution[;]" (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure[;]" and (4) "the criminal proceeding must have been resolved in the plaintiff's favor[.]" Sykes, 625 F.3d at 308-309 (internal quotations, citations, and emphasis omitted). Defendants assert that Count I

5

against Defendant Watson fails because there is no evidence that his arrest and prosecution lacked probable cause.  Doc. 50, pp. 5-7.

The inability to demonstrate all elements of malicious prosecution is fatal to a plaintiff's claim for malicious prosecution.  *See e.g., Diver v. Dobson*, 2013 U.S. Dist. LEXIS 186581, *14-15 (N.D. Ohio Jan. 15, 2013), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 43659 (N.D. Ohio Mar. 31, 2014).  Thus, if there is no showing that probable cause was lacking, Plaintiff cannot succeed on his malicious prosecution claim.  *Id.* (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001)).

Defendant argues that, since Barnhart was arrested following his grand jury indictment, probable cause existed for his arrest and prosecution.  Doc. 50, p. 6 (citing Plaintiff's Amended Complaint (Doc. 3, pp. 7-8, ¶¶ 31-32).  The Court agrees.  Where a plaintiff is arrested pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."  *See Webb*, 789 F.3d at 660 (quoting *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307, n. 13 (6th Cir. 2005) (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)).  "An exception to this general rule applies when defendants knowingly or recklessly present false testimony to the grand jury to obtain the indictment."  *Webb*, 789 F.3d at 660.  In support of their motion for summary judgment, Defendants attach an affidavit from Defendant Watson attesting that he "did not provide false information to the Sheriff's Department, the Prosecutor's Office, or the Grand Jury, nor did [he] knowingly participate in the confidential informant providing false information regarding the

6

April 29, 2012 controlled buy, if that is what occurred."[5] Doc. 50-1, p. 3, ¶ 11. Plaintiff presents no evidence to dispute that his arrest occurred subsequent to his indictment. Nor does he present any evidence that Defendant Watson knowingly or recklessly presented false testimony to the Grand Jury.

Since Plaintiff has presented no evidence to demonstrate a lack of probable cause, he is unable to establish a claim for malicious prosecution.[6] Accordingly, because Plaintiff has not demonstrated a lack of probable cause for his arrest and prosecution, the Court **GRANTS** Defendants' motion for summary judgment with respect to Count I.[7]

B.  **Intentional Infliction of Emotional Distress Claim – Count III**

The tort of intentional infliction of emotional distress under Ohio law has been defined as:

> One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1139 (6th Cir. 1995)(quoting *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 47 (1991). "[L]iability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.; see also Riddle v. Egensperger*, 998 F.Supp. 812, 819 (N.D. Ohio 1998)(quoting *Wright*, 58 F.3d at 1139).

---

[5] Defendant Watson states that it was only after his Grand Jury testimony that he learned "that a brief section of the surveillance video shows something in the confidential informant's hand before he met with Barnhart; however, [he] thoroughly patted the confidential informant down before releasing him to meet Barnhart and he had nothing in his pocket or elsewhere on this person at that time." Doc. 50-1, p. 3, ¶ 12.

[6] To the extent that Barnhart has attempted to present a claim of false arrest in addition to a malicious prosecution claim, that claim would fail because a claim for false arrest requires a showing that the arresting officer lacked probable cause for the arrest. *Sykes*, 625 F.3d 305.

[7] Alternatively, Defendants argue that Count I against Defendant Watson fails because Watson is entitled to qualified immunity. Doc. 50, pp. 8-13. Since Plaintiff presents no evidence to establish a claim for malicious prosecution, the Court need not address Defendants' alternative argument.

7

As discussed above, Barnhart has failed to present evidence of or establish a claim for malicious prosecution.  Accordingly, there being no claim for malicious prosecution, Defendant Watson is entitled to summary judgment on Barnhart's intentional infliction of emotional distress claim.  *Riddle*, 998 F.Supp at 819 (Court granted summary judgment in favor of defendants on plaintiff's intentional infliction of emotional distress claim where there was "no evidence of improper conduct much less conduct that goes beyond the bounds of decency.").  The Court therefore **GRANTS** Defendants' motion for summary judgment with respect to Count III.

**C.     Section 1983 Deprivation of Constitutional Rights by Governmental Entities Claim – Count II**

Section 1983 applies to municipalities and other local governments.  *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).  Thus, a municipality may be liable "when injury inflicted is a result of 'a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Radvansky*, 395 F.3d at 311 (quoting *Monell*, 436 U.S. at 694).  However, a municipality "may not be held liable 'unless action pursuant to official municipal policy of some nature *caused a constitutional tort*."  *Collins*, 503 U.S. at 121 (quoting *Monell*, 436 U.S. at 691) (emphasis supplied).

Since no constitutional tort occurred, Barnhart's claim that liability should be imposed on Carroll County also fails.  *See e.g., Diver*, 2014 U.S. Dist. LEXIS 43659, *16-17.  Accordingly, the Court therefore **GRANTS** Defendants' motion for summary judgment with respect to Count II.

## V.  Conclusion

For the reasons set forth herein, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 50) and **DISMISSES WITH PREJUDICE** Plaintiff's remaining claims against Defendant Watson and Defendant Carroll County.

**IT IS SO ORDERED.**

Dated: November 23, 2015

KATHLEEN B. BURKE
United States Magistrate Judge